IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT WALL, #13965-052                                    PETITIONER

VERSUS                              CIVIL ACTION NO.  5:09cv138-DCB-MTP

BRUCE PEARSON, Warden                                      RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 and requested *in forma pauperis* status on August 26, 2009.  An order [3] was entered on September 9, 2009, directing him to file a written response on or before September 30, 2009.  Petitioner was also warned in the court's order [3] of September 9, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

When Petitioner failed to comply with the order [3] of September 9, 2009, an order to show cause [5] was entered on October 16, 2009, directing the petitioner to respond on or before November 2, 2009.  Petitioner was warned in the show cause order [5] that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice.  Having reviewed the record, this Court finds that Petitioner has once again failed to comply with an order of this Court.

Petitioner has failed to comply with two Court orders [3 & 5].  In fact, this docket reveals that Petitioner has not contacted this Court concerning the instant civil action since he filed same on August 26, 2009.   It is apparent from the Petitioner's failure to comply with the orders of this Court or to communicate otherwise with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the ___18th___ day of November, 2009.

___s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE